**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ILYA FEDOROVECH RUCHYEV,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

</td><td>

No.    16-70874

Agency No. A029-126-231

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2019[**]
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Ilya Ruchyev, a native and citizen of Russia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his petition for cancellation of

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal under § 240A(b)(1) of the Immigration and Naturalization Act ("INA") and under § 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). He also requests review of his eligibility for asylum, withholding of removal, and CAT protection, which the BIA did not consider. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition. Because the parties are familiar with the history of this case, we need not recount it here.

1. We lack jurisdiction to review the agency's discretionary denial of Ruchyev's request for cancellation of removal on the basis of exceptional and unusual hardship on his wife pursuant to INA § 240A(b)(1). *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003).

2. Substantial evidence supports the BIA's determination that Ruchyev did not qualify for cancellation of removal under NACARA. *See Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009) (reciting standard). To be eligible for relief under NACARA, an individual must have "entered the United States on or before December 31, 1990." 8 C.F.R. § 1240.61(a)(3). Effectuating entry into the United States requires (1) physical presence in the U.S.; (2) inspection and admission by an immigration officer or actual and intentional evasion of inspection

2

at the nearest inspection point; and (3) freedom from official restraint, including surveillance. *Sidhu v. Ashcroft*, 368 F.3d 1160, 1163–64 (9th Cir. 2004).

Substantial evidence supports the BIA's determination that Ruchyev did not effectuate entry as required for relief under NACARA. The ship upon which he traveled remained under U.S. Customs and Border Patrol surveillance while docked, and upon disembarking the vessel, Ruchyev was immediately placed into the custody of Customs and Border Patrol agents. He remained in their custody until he filed his petition for asylum. Thus, Ruchyev was never free from official restraint as required to obtain relief under NACARA. The BIA's factual determination is supported by substantial evidence. We affirm the BIA's decision denying relief.

3.      We lack jurisdiction over Ruchyev's request for asylum, withholding of removal, and CAT protection because he did not exhaust his administrative remedies. 8 U.S.C. § 1252(d)(1). He did not file an application for asylum or related relief before the agency or request that his original application be renewed.

**PETITION DENIED IN PART; DISMISSED IN PART**.